UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

## CIVIL MINUTES – GENERAL

Case No.   8:24-cv-00637 FWS (E)                                                                 Date: June 20, 2024

Title   Kevin M. De Hoog v. Compton Sheriffs Train Division Body Cameras

Present: The Honorable:   **Fred W. Slaughter, U.S. District Court Judge**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  Order Re: Return of Mail as Undeliverable (ECF No. 4)**

On March 25, 2024, Plaintiff, a prisoner, filed a Complaint and a Request to Proceed In Forma Pauperis.  (ECF Nos. 1-2.)  On April 23, 2024, the Court's mail to Plaintiff was returned as undeliverable because Plaintiff was no longer in custody.  (ECF No. 4.)  As of this date, two months later, Plaintiff has not updated his address.

Local Rule 41-6 of the Central District states, "If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute."  The Local Rule provides sufficient notice to a *pro se* plaintiff that his failure to keep the court apprised of his current address can result in dismissal for lack of prosecution, and no additional notice is required.  *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*) (affirming dismissal of action where plaintiff had failed to keep the District Court apprised of his updated address, in violation of the local rule).

In *Carey*, the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions."  *Id*. at 1440

Here, the first, second, and fifth *Carey* factors militate in favor of dismissal. The Court's interest in achieving an expeditious resolution of this matter and its need to manage its docket both

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES – GENERAL

Case No.  8:24-cv-00637 FWS (E)                             Date: June 20, 2024

Title     Kevin M. De Hoog v. Compton Sheriffs Train Division Body Cameras

favor a dismissal.  As a result of Plaintiff's failure to keep the Court apprised of his address, this action essentially has been and will continue to be stalemated.  While the Court finds that the third and fourth *Carey* factors do not support dismissal, the Court has concluded that the other factors in this instance outweigh the third and fourth factors.

    For these reasons, this action is dismissed without prejudice for failure to prosecute.

    It is so ordered.

                                                          **Initials of Preparer**     mku